UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALFA VISION INSURANCE CORPORATION                                    PLAINTIFF

v.                              No. 2:17-CV-02197

CATHY TRIPLETT, et al.                                              DEFENDANTS

## ORDER

Plaintiff Alfa Vision Insurance Corporation has filed a motion (Doc. 17) to dismiss this action without prejudice. No responses have been filed, but the Court's law clerk has confirmed with appearing Defendants that no responses will be filed. The motion contains numerous issues, which the Court must address before granting it in part.

The motion represents that a settlement has been reached resolving all claim arising out of the accident. Given that "all claims arising out of the accident have been amicably resolved," (Doc. 17, p. 1), it is unclear why dismissal should be without prejudice. As no unresolved claims remain arising out of this transaction or occurrence, no future lawsuit can be filed in good faith.

The motion requests dismissal pursuant to Rule 41(b) of the Arkansas Rules of Civil Procedure. Procedure in this Court is controlled by the Federal Rules of Civil Procedure, and not the Arkansas Rules of Civil Procedure. Rule 41(b) is similar under each set of Rules, however, in that it allows for involuntary dismissal of a plaintiff's action where the plaintiff fails to prosecute or comply with the Rules or a court order. It seems more likely that Plaintiff's motion to dismiss, premised on settlement, was intended to be filed pursuant to Rule 41(a)(2), allowing the Court to dismiss at the Plaintiff's request on terms the Court considers proper. Nevertheless, in light of the other issues with the motion, Rule 41(b) considerations have some bearing on the terms the Court considers proper under Rule 41(a)(2).

1

The certificate of service indicates that service of the motion has been made by the Court's CM/ECF notification system on Josh McHughes via email at josh@mchugheslaw.com and on Defendants Gregory Brickley, Taleigha Pentz, and Sonya Pentz through their attorney, Joey McCutchen, via email at jmccutchen@mccutchenlawfirm.com. The certificate of service does not represent that any service was made on Defendant Cathy Triplett, who is appearing pro se and is not a registered CM/ECF user.

The Court's CM/ECF system indicates that Mr. McCutchen has entered an appearance and consented to service at the email address listed above, which is on file with the Clerk, and that he received a notice of electronic filing of the motion. The Court's CM/ECF system further indicates that the Court sent a notice of electronic filing by mail to Ms. Triplett, even though when service of a motion on another party must be made by mail, it is the responsibility of the filing party, and not the Court, to bear that cost. Josh McHughes is not a party and has not entered an appearance in this case. He does not receive notices of electronic filing from the Court's CM/ECF system, contrary to the unambiguous statement in Plaintiff's certificate of service.

The motion requests that in addition to dismissing without prejudice, the Court award Plaintiff its costs and attorney's fees, but sets out no basis for such an award.

Because there are no unresolved claims arising out of the same transaction or occurrence, and in light of Plaintiff's failure to certify that proper service of the motion was made on all parties, the Court will dismiss this case under Rule 41(a)(2), but dismissal will be with prejudice, and the Court will not award costs or fees.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 17) is GRANTED IN PART.

IT IS FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE, with each party to bear its own costs and fees. Judgment will be entered accordingly.

IT IS SO ORDERED this 1st day of May, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE